822 F.2d 1088
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
MIDWESTERN INDEMNITY COMPANY, Plaintiff-Appellee, Cross-Appellant,
v.
Cyrus Leon HARVEY, Defendant-Appellant, Cross-Appellee.
 Nos. 86-5688, 86-5782
 United States Court of Appeals, Sixth Circuit.
 July 9, 1987.
 
 Before JONES and RYAN, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Cyrus Harvey, defendant in this declaratory judgment action concerning a fire insurance contract, appeals the district court's denial of judgment notwithstanding the verdict following a jury verdict in favor of Midwestern Indemnity Company. The insurance company cross-appeals the trial court's refusal to grant a new trial on that portion of Harvey's cross-claim that resulted in a verdict for Harvey. Finding no reversible error, we affirm.
 
 
 2
 * Shortly after Harvey replaced his old fire insurance contract with a new contract from Midwestern Indemnity Company, the warehouse building that housed his auto parts business burned to the ground. Midwestern suspected arson. Because Harvey had suffered the total loss of his business in a previous arson fire Midwestern suspected Harvey committed fraud in his application for insurance. During its investigation of Harvey's claim for the insurance proceeds, the insurance company concluded that Harvey was not cooperating with the company's investigation. He refused to submit to an examination under oath, failed to provide sufficient documentation to support his claims, and denied the company's investigator access to the financial records of various companies Harvey either owned, or in which he was interested.
 
 
 3
 At the conclusion of trial, the jury returned a general verdict in favor of the insurance company. However, on the special interrogatories submitted by the court, the jury found that Harvey committed neither arson nor fraud, but that he failed to cooperate with Midwestern concerning his personal property loss claim. Because, under Tennessee law, fire insurance contracts are divisible between real estate lossess and personalty losses, the trial judge reconciled the general verdict with the special interrogatories by finding in favor of Harvey on the real estate loss and in favor of the company on the personalty claims. Harvey moved for judgment notwithstanding the verdict, which was denied.
 
 II
 
 4
 * Harvey bases his appeal on the theory that the trial judge's jury instructions concerning Harvey's failure to cooperate were exclusively concerned with Harvey's alleged failure to submit invoices documenting his proof of loss--a failure Harvey contends Midwestern 'waived.' The assumption underlying Harvey's theory is erroneous, however. Actually, the court charged the jury to find in Midwestern's favor if Harvey failed to cooperate in providing documentation or in some other way failed or refused to cooperate. The magistrate hearing Harvey's motion for judgment notwithstanding the verdict pointed this misunderstanding out to Harvey's
 
 
 5
 'Testimony was presented at trial regarding Harvey's failure to properly document his losses as well as his general failure to cooperate with Midwestern in its investigation of the claim. To overturn the jury's finding of lack of cooperation would require a reweighing of the evidence and reevaluation of the credibility of witnesses, which the Court feels would be an invasion of the province of the jury.' (Emphasis added.)
 
 
 6
 Thus, Harvey's premise--that the trial court instructed the jury that Harvey's failure to submit proper documentation with his proof of loss constituted his failure to cooperate--is mistaken and thus affords no basis for relief from the jury's verdict, particulary since there is ample evidence that Harvey failed to cooperate with the investigation in several other ways.
 
 B
 
 7
 Midwestern Insurance cross-appeals from a jury verdict in favor of Harvey on the real estate claim. In the fire, the warehouse building was destroyed. Harvey claimed coverage on both the building and the inventory. Tennessee law provides that an insurance policy which covers separate and distinct classes or items of property is divisible, and that the breach of a condition as to the insurance of a part of the property will, in the absence of fraud, void the policy only as to that property to which the breach pertains--unless the insured risk on the remaining property is increased as a result of the breach. Hughes v. Home Insurance Co., 8 Tenn. App. 292 (1931). The trial court ruled that Harvey fully complied with the policy requirements as to his real estate coverage.
 
 
 8
 Nonetheless, Midwestern argues the trial court erred in submitting the special interrogatories, and erred in reconciling them with the general verdict. This argument is entirely meritless; the special interrogatories tracked Midwestern's claimed defenses, were entirely consistent with Tennessee law, and were well within the spirit of Fed. R. Civ. Pro. 49(a), which provides wide discretion for the trial court's use of special interrogatories. Midwestern's other arguments on appeal being meritless, we affirm.
 
 III.
 
 9
 Finding no error in the trial court's disposition of this case, we AFFIRM.